## J. H. RAYMOND *v.* PAIA PLANTATION COMPANY.

MOTION FOR A REHEARING.

SUBMITTED AUGUST 4, 1898.     DECIDED SEPTEMBER 28, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Rehearing Denied.

OPINION OF THE COURT BY FREAR, J.

The plaintiff moves for a rehearing of this case, the decision in which, dated the 21st of last June, is hereby referred to for an understanding of the case.

One ground for the motion is that the Court overlooked the questions whether Mr. Everett was authorized to make the alleged contract, and if not, whether the Board of Health ratified the contract, if one was made. A decision upon these questions was not required by the exceptions. The only theory upon which it can be claimed that the Court ought to have decided them is that upon the whole case the jury was bound to find that there was no contract made or ratified and consequently that the error upon which the Court granted a new trial was harmless. The trial judge instructed the jury on the theory that there was sufficient evidence to go to the jury upon the question whether a contract was made or not, and, if made but without authority, whether it was ratified or not. Let us assume, as contended by the plaintiff, that Mr. Everett had no authority to make the contract. The question would then remain whether the contract, if made, was ratified. This Court could not say as matter of

law that there was no evidence upon which the jury could find that the contract was ratified; nor was there any exception before this Court raising the question whether or not there was no evidence of ratification.

Another ground for the motion is that the Court considered certain errors in the charge of the trial judge to the jury to which the defendant did not except and which were not before this Court, and that the Court granted a new trial largely if not entirely upon said errors.

One portion of the charge referred to by counsel is that which relates to the ability of the patient to pay. This was excepted to. But the Court, as counsel says, approved of this portion of the charge as far as it went, but expressed the opinion that it did not go far enough. The new trial was not granted on this ground, however, but the opinion was expressed merely in order to avoid error on the new trial.

Another portion of the charge referred to is that which relates to the construction of the contract. This was not excepted to. The Court found it erroneous but did not grant the new trial on that ground. Its object in considering this portion of the charge was to show that the refusal to give defendant's requested instruction number six was not harmless error. It was because of this refusal to give requested instruction six that the new trial was granted. This refusal was excepted to; the requested instruction should have been given in view of the evidence; and it was not given even in substance, but on the contrary the instruction that was given tended to mislead the jury. The requested instruction required them to find that if there were a contract to cover "all expenses" or "everything," it covered capital operations. The charge tended to lead the jury to believe that capital operations would not be covered unless there was an express contract that there should be no further charge for capital operations or, if nothing was said as to capital operations, unless the parties to the contract had the same opinion as to whether they were included or not.

The Court in its opinion commented upon several other mat-

ters, not as grounds for a new trial, but to prevent a repetition of · errors on the new trial. The case, we must confess, was a difficult one to decide, but we are of the opinion that sufficient grounds for a rehearing have not been shown and therefore the motion is denied.

*A. G. M. Robertson* for plaintiff.

*Kinney & Ballou* for defendant.